# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *People v. Clemons*, 2012 IL 107821

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. COREY D. CLEMONS, Appellee. |
| | |
| Docket No. | 107821 |
| Filed | April 19, 2012 |
| | |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The straightforward, bright-line and objective "identical elements" test is the proper one for whether a penalty is invalid as disproportionate under the Illinois Constitution; and where there was such disproportionality, a conviction for armed robbery with a firearm was properly remanded for resentencing under the pre-firearms-enhancement statute. |
| | |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Champaign County, the Hon. Thomas J. Difanis, Judge, presiding. |
| | |
| Judgment | Affirmed. |

| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Julia Rietz, State's Attorney, of Urbana (Michael A. Scodro, Solicitor General, and Michael M. Glick and Garson S. Fischer, Assistant Attorneys General, of Chicago, and Patrick Delfino, Robert J. Biderman and Anastacia R. Brooks, of the Office of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People. |
|---|---|
| | Michael J. Pelletier, State Appellate Defender, Karen Munoz, Deputy Defender, and Susan M. Wilham, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Springfield, for appellee. |

| Justices | JUSTICE THEIS delivered the judgment of the court, with opinion. |
|---|---|
| | Justices Freeman, Thomas, Garman, Karmeier, and Burke concurred in the judgment and opinion. |
| | Chief Justice Kilbride specially concurred, with opinion. |

## OPINION

¶ 1       At issue in this appeal is whether this court should overrule *People v. Hauschild*, 226 Ill. 2d 63 (2007), or, alternatively, abandon the "identical elements test" as a part of our proportionate penalties clause jurisprudence. For the reasons discussed below, we affirm the continuing validity of *Hauschild*, and decline to abandon the identical elements test. We thus affirm the judgment of the appellate court which followed *Hauschild* (No. 4-06-0823 (Nov. 26, 2008) (unpublished order under Supreme Court Rule 23)), and remand this matter to the trial court for resentencing.

¶ 2                                 BACKGROUND

¶ 3       On July 19, 2006, defendant Corey D. Clemons was convicted by a Champaign County jury of armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2006)) and home invasion while armed with a firearm (720 ILCS 5/12-11(a)(3) (West 2006)), in connection with an incident that occurred earlier that year at a mobile home park in Urbana, Illinois. Each offense was a Class X felony, which carried a sentence of 6 to 30 years' imprisonment, plus a 15-year sentencing enhancement for use of a firearm. 720 ILCS 5/18-2(b), 12-11(c) (West 2006); 730 ILCS 5/5-8-1(a)(3) (West 2006). Thus, the sentencing range was 21 to 45 years. The trial court sentenced defendant to a term of 25 years' imprisonment for each offense, to be served concurrently.

¶ 4       The appellate court affirmed defendant's convictions and sentences (*People v. Clemons*, No. 4-06-0823 (May 1, 2008) (unpublished order under Supreme Court Rule 23)), and

defendant filed a petition for leave to appeal with this court. We denied defendant's petition, but directed the appellate court to vacate its judgment and reconsider in light of *Hauschild*. *People v. Clemons*, 229 Ill. 2d 634 (2008) (table). *Hauschild*, which was decided while defendant's direct appeal was pending, held that the penalty for armed robbery while armed with a firearm violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). *Hauschild*, 226 Ill. 2d at 86-87. In accordance with *Hauschild*, the appellate court held that because defendant was sentenced under a statute which violated the proportionate penalties clause, the matter must be remanded to the trial court for resentencing in accordance with the armed robbery statute as it existed prior to the adoption of the sentencing enhancements for firearm use (see Pub. Act 91-404, § 5 (eff. Jan. 1, 2000) (amending, *inter alia*, 720 ILCS 5/18-2)). No. 4-06-0823 (Nov. 26, 2008) (unpublished order under Supreme Court Rule 23). Thus, on remand to the trial court, defendant would be subject to a term of 6 to 30 years' imprisonment for his armed robbery conviction, rather than a term of 21 to 45 years' imprisonment. See 720 ILCS 5/18-2 (West 1998); 730 ILCS 5/5-8-1(a)(3) (West 1998).

¶ 5     We allowed the State's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Feb. 26, 2010); Ill. S. Ct. R. 612 (eff. Sept. 1, 2006)), and directed the parties to include in their briefs "a discussion of whether the identical elements test should be abandoned in proportional penalties analysis." *People v. Clemons*, 238 Ill. 2d 658 (2010) (supervisory order).

¶ 6                         ANALYSIS

¶ 7                             I

¶ 8     The State argues that *Hauschild* should be overruled because it misconstrued the armed violence statute and misapplied the identical elements test. The State argues in the alternative that the identical elements test should be abandoned because the test is not supported by the constitutional text, invades the power of the legislature, and has become unworkable in practice. Because these arguments raise purely legal issues, our review proceeds *de novo*. See *People v. Caballes*, 221 Ill. 2d 282, 289 (2006).

¶ 9     Preliminarily, we note that the State's arguments implicate the doctrine of *stare decisis*. This doctrine "expresses the policy of the courts to stand by precedents and not to disturb settled points." *Neff v. George*, 364 Ill. 306, 308-09 (1936), *overruled on other grounds by Tuthill v. Rendelman*, 387 Ill. 321, 330 (1944). Thus, a question once deliberately examined and decided should be closed to further argument, ensuring that the law will develop in a "principled, intelligent fashion," immune from erratic changes. *People v. Colon*, 225 Ill. 2d 125, 146 (2007). See also *Moehle v. Chrysler Motors Corp.*, 93 Ill. 2d 299, 304 (1982) (*stare decisis* enables the people and the bar of this state "to rely upon our decisions with assurance that they will not be lightly overruled"). Although *stare decisis* is not an inexorable command, any departure from *stare decisis* " 'demands special justification.' " *Chicago Bar Ass'n v. Illinois State Board of Elections*, 161 Ill. 2d 502, 510 (1994) (quoting *Arizona v. Rumsey*, 467 U.S. 203, 212 (1984)). Accord *Colon*, 225 Ill. 2d at 146. Accordingly, prior decisions will not be overruled absent "good cause" or "compelling reasons." (Internal quotation marks omitted.) *Vitro v. Mihelcic*, 209 Ill. 2d 76, 82 (2004) (quoting *Moehle*, 93

Ill. 2d at 304). Good cause exists where, for example, the decisions are unworkable or badly reasoned. *People v. Sharpe*, 216 Ill. 2d 481, 520 (2005).

¶ 10    With these principles in mind, we consider first whether, as the State argues, *Hauschild* should be overruled.

¶ 11                                                      II

¶ 12    In *Hauschild*, we held that the sentence for armed robbery while armed with a firearm violates the proportionate penalties clause "because the penalty for that offense is more severe than the penalty for the identical offense of armed violence predicated on robbery with a category I or category II weapon." *Hauschild*, 226 Ill. 2d at 87. Whereas armed robbery while armed with a firearm is punishable by an enhanced sentence of 21 to 45 years' imprisonment (720 ILCS 5/18-2(a)(2), (b) (West 2000)), armed violence predicated on robbery with a category I or II weapon is punishable by a sentence of 15 to 30 years' imprisonment (720 ILCS 5/33A-3(a) (West 2000)). *Id.* at 86. Relying on the seminal case of *People v. Christy*, 139 Ill. 2d 172 (1990), which first applied what would later be called "the identical elements test," we held that common sense and sound logic dictate that the penalties for these identical offenses should be identical. *Id.*

¶ 13    In the course of our analysis in *Hauschild*, we considered the State's argument that armed robbery cannot serve as a predicate felony for armed violence and, thus, the two offenses cannot have identical elements. At the time of the offenses at issue in *Hauschild*, the armed violence statute provided in relevant part:

"A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law, except first degree murder, attempted first degree murder, intentional homicide of an unborn child, predatory criminal sexual assault of a child, aggravated criminal sexual assault, aggravated kidnaping, aggravated battery of a child, home invasion, *armed robbery*, or aggravated vehicular hijacking." (Emphasis added.) 720 ILCS 5/33A-2(a) (West 2000).

¶ 14    Although we agreed with the State that the armed violence statute expressly excluded *armed robbery* as a predicate offense for armed violence, we noted that the statute did not exclude the offense of *robbery*. *Hauschild*, 226 Ill. 2d at 85. We declined to depart from the statute's unambiguous language excluding only armed robbery "by creating exceptions, limitations, or conditions not expressed by the legislature." *Id.* at 85. Because robbery could serve as a predicate felony under the armed violence statute, armed violence could be compared with armed robbery to determine whether these offenses have identical elements but disparate sentences. *Id.* at 85.

¶ 15    Consistent with *Hauschild*, the State concedes that the legislature did not explicitly bar armed violence predicated on simple robbery. Notwithstanding this concession, the State argues that this court misconstrued the armed violence statute, as evinced by a subsequent statutory amendment. The State notes that shortly after *Hauschild* was decided, the legislature enacted Public Act 95-688, which, among other things, deleted the reference to armed robbery in the armed violence statute:

"A person commits armed violence when, while armed with a dangerous weapon, he

-4-

commits any felony defined by Illinois Law, except first degree murder, attempted first degree murder, intentional homicide of an unborn child, second degree murder, involuntary manslaughter, reckless homicide, predatory criminal sexual assault of a child, aggravated criminal sexual assault, aggravated kidnaping, aggravated battery of a child, home invasion, or any offense that makes the possession or use of a dangerous weapon either an element of the base offense, an aggravated or enhanced version of the offense, or a mandatory sentencing factor that increases the sentencing range armed robbery, or aggravated vehicular hijacking." (Underscores and strikeouts in original.) Pub. Act 95-688, § 4 (eff. Oct. 23, 2007) (amending 720 ILCS 5/33A-2).

¶ 16 The State contends that the legislature's purpose in adopting Public Act 95-688 was to "correct" *Hauschild* and "clarify" what the legislature considered to be the statute's meaning all along, *i.e.*, that robbery may not serve as a predicate felony for armed violence because armed robbery is an "enhanced" version of robbery with "possession or use of a dangerous weapon" as an element. See 95th Ill. Gen. Assem., House Proceedings, July 12, 2007, at 4 (statements of Representative Turner) (stating that amendment to the armed violence statute "clarified" the statute); 95th Ill. Gen. Assem., Senate Proceedings, July 26, 2007, at 8 (statements of Senator Cullerton) (stating that the bill underlying Public Act 95-688 addresses an Illinois Supreme Court decision that held the legislature violated the proportionate penalties clause and that the bill "corrects that"). The State continues that, pursuant to *In re Detention of Lieberman*, 201 Ill. 2d 300, 320 (2002), such a clarifying amendment is treated as a legislative declaration of the meaning of the prior statute, and that *Hauschild* is at odds with the legislative declaration set forth in Public Act 95-688. The State thus concludes that this court should overrule *Hauschild*.

¶ 17 We agree with the State that under the statute, as amended by Public Act 95-688, simple robbery may no longer serve as a predicate felony for armed violence. We disagree, however, that pursuant to *Lieberman*, we should overrule our interpretation of the armed violence statute that we adopted in *Hauschild*.

¶ 18 In *Lieberman*, we were called upon to construe a criminal statute which, prior to our review, had been the subject of a "cleanup" amendment. In that case, we agreed with the State that the amendment served to clarify the legislature's original intent and supported our construction of the preamended statute. *Lieberman*, 201 Ill. 2d at 320-23. Here, however, the amendment to the armed violence statute was adopted *after* this court's interpretation of that statute in *Hauschild*. In other words, our interpretation was a part of the armed violence statute at the time Public Act 95-688 was enacted. See *Sanelli v. Glenview State Bank*, 108 Ill. 2d 1, 14 (1985). *Lieberman* does not speak to this situation. We note, moreover, that "while the General Assembly can pass legislation to prospectively change a judicial construction of a statute if it believes that the judicial interpretation was at odds with legislative intent, it cannot effect a change in that construction by a later declaration of what it had originally intended." *People v. Nitz*, 173 Ill. 2d 151, 163 (1996), *overruled on other grounds by People v. Mitchell*, 189 Ill. 2d 312, 329 (2000); see also *Roth v. Yackley*, 77 Ill. 2d 423, 428-29 (1979).

¶ 19 *Hauschild* remains the law as to the meaning of the armed violence statute prior to its amendment by Public Act 95-688.

¶ 20                                             III

¶ 21        The State argues that *Hauschild* should be overruled for the further reason that it misapplied the identical elements test. According to the State, the elements of armed robbery with a firearm and armed violence predicated on robbery with a category I or II weapon are not identical because they differ in specificity. The State explains that only robbery may satisfy the robbery element of armed robbery with a firearm. Armed violence, however, may be predicated on any number of felonies while armed with any of a number of weapons. Compare 720 ILCS 5/18-2(a)(2) (West 2006) (armed robbery while armed with a firearm), with 720 ILCS 5/33A-2(a) (West 2006) (armed violence) and 720 ILCS 5/33A-1(c)(2) (West 2006) (defining categories of dangerous weapons for purposes of armed violence statute). *Hauschild*, the State contends, failed to take into account the far broader definition of armed violence compared to the more specific armed robbery with a firearm. The State argues that this distinction justifies different penalties for the two crimes, and that *Hauschild* improperly expanded the identical elements test.

¶ 22        We agree with the State that armed violence may encompass conduct more varied than that required for armed robbery with a firearm. The point of *Hauschild*, however, is that when armed violence is based on robbery with a category I or category II weapon, it is punished less severely than the identical conduct when charged as armed robbery with a firearm. As explained in *Hauschild*:

>           "A person commits that offense [*i.e.*, armed robbery while armed with a firearm] when he 'takes property *** from the person or presence of another by the use of force or by threatening the imminent use of force' (720 ILCS 5/18-1(a) (West 2000)), and he 'carries on or about his *** person or is otherwise armed with a firearm' (720 ILCS 5/18-2(a)(2) (West 2000)). A person commits the offense of armed violence predicated on robbery when, 'while armed with a dangerous weapon, he commits [robbery (720 ILCS 5/18-1 (West 2000))].' 720 ILCS 5/33A-2(a) (West 2000). A person is considered to be 'armed with a dangerous weapon' in the context of the armed violence statute 'when he or she carries on or about his or her person or is otherwise armed with a Category I, Category II, or Category III weapon.' 720 ILCS 5/33A-1(c)(1) (West 2000)." *Hauschild*, 226 Ill. 2d at 86.

Firearms are included in the statutory definition of category I and category II weapons. 720 ILCS 5/33A-1(c)(2) (West 2000). Thus, *Hauschild* concluded that "the elements of armed robbery while armed with a firearm and armed violence predicated on robbery with a category I or category II weapon are identical" and their sentences should likewise be identical. *Hauschild*, 226 Ill. 2d at 86.

¶ 23        Hauschild was not the first case to find a proportionate penalty clause violation based on a comparison of the armed robbery statute and the armed violence statute. In *People v. Lewis*, 175 Ill. 2d 412, 418 (1996), we held that the penalty for armed violence based on robbery with a category I weapon, when compared to the then less severe penalty for armed robbery while armed with a handgun, violates the proportionate penalties clause based on the identical elements test. See also *Christy*, 139 Ill. 2d at 181 (proportionate penalties clause violated where the penalty for armed violence based on kidnapping with a category I weapon

-6-

was more severe than the penalty for the identical offense of aggravated kidnapping with the same weapon). *Cf. People v. Woolley*, 178 Ill. 2d 175, 204-05 (1997) (following *Lewis* and vacating the defendant's armed violence conviction based on robbery with a handgun, where the defendant was also convicted of the identical offense of armed robbery with a handgun, which carried a lesser sentence). Thus, the identical elements test has never required that the two offenses be equally specific. Contrary to the State's argument, *Hauschild* did not break new ground in this area and did not expand the identical elements test.

¶ 24 The State provides no reasoned basis for its contention that, pursuant to *Hauschild*, burglary and residential burglary, as well as many other lesser-included and greater offenses, will now be found to violate the proportionate penalties clause under the identical elements test. "A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle ***, railroad car, or any part thereof, with intent to commit therein a felony or theft." 720 ILCS 5/19-1(a) (West 2010). As the State itself recognizes, residential burglary requires that the place entered be "the dwelling place of another." 720 ILCS 5/19-3(a) (West 2010). Because the elements of burglary and residential burglary are not the same (as would be the case with other lesser-included and greater offenses), a proportionate penalties challenge could not succeed under the identical elements test. Nothing in *Hauschild* suggests that it could.

¶ 25 *People v. Koppa*, 184 Ill. 2d 159 (1998), cited by the State, is inapposite. In *Koppa*, we found no violation of the proportionate penalties clause under the identical elements test where the armed violence charge contained an additional element not found in the other charged offenses of aggravated criminal sexual abuse and aggravated kidnapping. *Koppa*, 184 Ill. 2d at 167-68. Unlike *Koppa*, the armed violence offense at issue here does not contain any additional element not contained in the armed robbery offense.

¶ 26 Because *Hauschild* did not misapply the identical elements test, we reject the State's argument that *Hauschild* should be overruled.

¶ 27 IV

¶ 28 The State argues, in the alternative, that this court should abandon the identical elements test for proportionality review because such a test is not supported by the constitutional text; the test invades the power of the General Assembly to assign penalties; and the test has become unworkable in practice. We disagree with all three propositions.

¶ 29 "The best guide to interpreting the Illinois Constitution is the document's own plain language." *People v. Purcell*, 201 Ill. 2d 542, 549 (2002). See also *People ex rel. Chicago Bar Ass'n v. State Board of Elections*, 136 Ill. 2d 513, 526 (1990) (rules of statutory construction govern the construction of constitutional provisions). Article I, section 11, of the Illinois Constitution, entitled "Limitation of Penalties after Conviction," plainly states: "All penalties shall be determined both according to the seriousness of the offense and with

the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11.[1] The constitutional mandate set forth in article I, section 11, provides a check on the judiciary, *i.e.*, the individual sentencing judge, as well as the legislature, which sets the statutory penalties in the first instance. *People v. Taylor*, 102 Ill. 2d 201, 205-06 (1984). Accord *Lewis*, 175 Ill. 2d at 419-20.

¶ 30    A defendant's challenge to the decision of the individual sentencing judge is based on the defendant's belief that although the sentence comports with the sentencing statute, the sentence nonetheless violates article I, section 11, because the judge failed to set the sentence "according to the seriousness of the offense" and/or "with the objective of restoring the [defendant] to useful citizenship." Ill. Const. 1970, art. I, § 11. The identical elements test does not address itself to this type of challenge. Rather, the identical elements test comes into play when a defendant challenges the sentencing scheme itself. This test provides one method for determining whether the legislature has satisfied the first of two constitutional requirements that penalties must be determined "according to the seriousness of the offense." Ill. Const. 1970, art. I, § 11. As this court explained in *Sharpe*, "[i]f the legislature determines that the exact same elements merit two different penalties, then one of these penalties has not been set in accordance with the seriousness of the offense. The legislature has made two different judgments about the seriousness of one offense." *Sharpe*, 216 Ill. 2d at 522. Thus, the identical elements test gives effect to the plain language of our state constitution.

¶ 31    The State argues that if the identical elements test is consistent with the plain language of article I, section 11, then other states, including Indiana, Maine, Nebraska, New Hampshire, Oregon, Rhode Island, Vermont, West Virginia and Wyoming, would have adopted an identical elements test when interpreting similar penalty provisions in their state constitutions. Citing case law from some, but not all, of these jurisdictions, the State posits that none of these states have adopted an identical elements test and that our reading of the Illinois Constitution is simply wrong.

¶ 32    This court's jurisprudence of Illinois constitutional law cannot be predicated on the actions of our sister states. *Caballes*, 221 Ill. 2d at 313. To the extent, however, that the analyses employed by other jurisdictions may inform our own analysis, we find the cases cited by the State irrelevant. Not one of the cases the State cites held that disparate sentences for identical offenses does not offend that state's proportionate penalties clause. See *State v. Pickering*, 462 A.2d 1151, 1159-63 (Me. 1983) (rejecting due process and equal protection challenges to a drunk driving law that created both civil and criminal liability); *State v. Worthley*, 815 A.2d 375, 376-77 (Me. 2003) (holding that mandatory minimum jail sentence of seven days for a second drunk driving offense was not cruel and unusual punishment as applied to the defendant who suffered from post-traumatic stress disorder); *State v. Elbert*, 480 A.2d 854, 862 (N.H. 1984) (finding no gross disproportion between penalty of 15 to 30

---

[1]Article I, section 11, also provides: "No conviction shall work corruption of blood or forfeiture of estate. No person shall be transported out of the State for an offense committed within the State." These constitutional provisions are not at issue in this case.

years and attempted second-degree murder); *State v. Wheeler*, 175 P.3d 438, 454 (Or. 2007) (holding that the defendant's life sentence for 18 separate sex felonies bore a sufficient relationship to the gravity of the crimes as well as his prior felony convictions); *McKinney v. State*, 843 A.2d 463, 470-71 (R.I. 2004) (rejecting proportionality challenge to agreed upon sentence that was within statutory sentencing range); *State v. Venman*, 564 A.2d 574, 582 (Vt. 1989) (rejecting the defendant's proportionality challenge to theoretical punishment of 10 years for each count of Medicaid fraud, where the defendant's actual sentence involved only 30 days of incarceration). Although the Wyoming high court rejected an identical elements argument, the court stated that the two offenses at issue were distinguishable by different elements. *Johnson v. State*, 61 P.3d 1234, 1238 (Wy. 2003).

¶ 33    Contrary to the State's argument, the State of Indiana, at least at the appellate court level, has adopted an identical elements test. See *Poling v. Indiana*, 853 N.E.2d 1270 (Ind. App. 2006). In *Poling*, the Indiana court found our constitutional jurisprudence, as set forth in the *Christy* case, persuasive and held that Indiana's proportionate penalties clause was violated where proof of the same elements could result in different sentences. *Id.* at 1276-77.[2]

¶ 34    In sum, we find no inconsistency between the identical elements test and the plain language of article I, section 11.

¶ 35    The State makes the further argument that our proportionate penalties clause offers the same protections as the eighth amendment (see *People v. McDonald*, 168 Ill. 2d 420, 455-56 (1995)), and that the eighth amendment contains only a narrow proportionality principle (see *Ewing v. California*, 538 U.S. 11, 20 (2003) (plurality op.)) which does not require that crimes with identical elements carry identical sentences (see *United States v. Batchelder*, 442 U.S. 114, 122-23 (1979)). Thus, the State concludes that the identical elements test cannot stand.

¶ 36    The eighth amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII. The eighth amendment is the punishment provision of the federal constitution, just as article I, section 11, is the punishment provision of the Illinois constitution. *McDonald*, 168 Ill. 2d at 455. The two provisions are not mirror images. This fact notwithstanding, in *McDonald*, we concluded that the framers of our 1970 constitution understood that "article I, section 11 was synonymous with the cruel and unusual punishment clause of the eighth amendment," and as a result, "provides similar protections to those found under the eighth amendment." *Id.* at 455-56 (citing 3 Record of Proceedings, Sixth Illinois Constitutional Convention 1380-81 (hereafter cited as Proceedings)). This conclusion is not entirely accurate.

¶ 37    As we have stated, article I, section 11, contains two limitations on penalties: (1) penalties must be determined "according to the seriousness of the offense" and, (2) penalties must be determined "with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. Courts frequently refer to the first requirement as the "proportionate penalties clause," a reference to the language contained in our earlier state constitutions that

---

[2]The Indiana legislature revisited the statute at issue in *Poling* and has eliminated this constitutional infirmity. *Morris v. State*, 921 N.E.2d 40, 44 n.2 (Ind. App. 2010).

"[a]ll penalties shall be proportioned to the nature of the offense." Ill. Const. 1870, art. II, § 11; Ill. Const. 1848, art. XIII, § 14; Ill. Const. 1818, art. VIII, § 14.

¶ 38    The record of proceedings from the Sixth Illinois Constitutional Convention reveals that the framers of our 1970 constitution initially did not intend to make any substantive or stylistic changes to the proportionate penalties clause as set forth in the 1870 constitution, which they understood had been "interpreted synonymously very often with the import of the cruel and unusual punishment clause." 3 Proceedings 1380 (statements of Delegate Dvorak, a member of the Bill of Rights Committee). When the delegates later considered an amendment to the proportionate penalties clause (3 Proceedings 1391), they understood the word "proportion" to mean: "the more serious the crime, the more serious the punishment" (3 Proceedings 1392 (statements of Delegate Foster)). The convention record is silent as to whether this definition was intended to reflect something different than the cruel and unusual punishment clause, but the language is certainly different. In line with this definition of "proportion," the delegates ultimately approved a change in language from "[a]ll penalties shall be proportioned to the nature of the offense" (Ill. Const. 1870, art. II, § 11), to "[a]ll penalties shall be determined *** according to the seriousness of the offense" (Ill. Const. 1970, art. I, § 11).[3]

¶ 39    As to the second requirement set forth in article I, section 11—that penalties must also be determined "with the objective of restoring the offender to useful citizenship"—this language was new to our 1970 constitution. The convention record indicates that the framers intended, with this additional language, to provide a limitation on penalties beyond those afforded by the eighth amendment. As explained by delegate Leonard Foster, the architect of this amendment:

> "Traditionally the constitution has stated that a penalty should be proportionate to the nature of the offense. I feel that with all we've learned about penology that somewhere along the line we ought to indicate that in addition to looking to the act that the person committed, we also should look at the person who committed the act and determine to what extent he can be restored to useful citizenship." 3 Proceedings 1391 (statements of Delegate Foster).

See also 3 Proceedings 1391-92 (statements of Delegate Gertz, chairman of the Bill of Rights Committee) ("the spirit of the proposed amendment is in accordance with modern penology"). Foster further explained that under this amendment "some emphasis would have

---

[3]See 3 Proceedings 1396 (delegates' adoption of the Foster amendment to the proportionate penalties clause, as amended by the Lennon amendment); 3 Proceedings 2276 (filing of Proposal No. 4, the first of two proposals by the Committee on Style, Drafting and Submission (hereafter Style Committee) to modify the language in section 11); 4 Proceedings 3635-36 (statements of Delegate Whalen, chairman of the Style Committee, explaining Proposal No. 4, and the delegates' adoption of the proposed changes); 5 Proceedings 4237-38, 4281 (statements of Delegate Whalen explaining Proposal No. 15, the second proposed language change to section 11 by the Style Committee, and the delegates' adoption of the proposed change); 6 Proceedings 212 (Proposal No. 4 by the Style Committee); 7 Proceedings 2515 (Proposal No. 15 by the Style Committee); 7 Proceedings 2600 (written comments by the Style Committee to Proposal No. 15).

to be placed on rehabilitation." 3 Proceedings 1392 (statements of Delegate Foster). When Illinois voters considered the proposed constitution in December 1970, an explanatory note to section 11 advised voters that the amended language "adds the requirement that penalties be determined with the objective of rehabilitating the offender and in accordance with the seriousness of the offense." 7 Proceedings 2685.

¶ 40    Based on this review of the convention record, our conclusion in *McDonald* that "article I, section 11 was synonymous with the cruel and unusual punishment clause of the eighth amendment" (*McDonald*, 168 Ill. 2d at 455) is an overstatement. Although a relationship may exist between the first clause of article I, section 11, and the eighth amendment, that relationship is not entirely clear. What is clear is that the limitation on penalties set forth in the second clause of article I, section 11, which focuses on the objective of rehabilitation, went beyond the framers' understanding of the eighth amendment and is not synonymous with that provision.

¶ 41    With this clarification of *McDonald*, we return to the State's argument that the identical elements test cannot stand because it is inconsistent with eighth amendment jurisprudence. In support, the State cites the Supreme Court's opinion in *Batchelder*. There, the defendant challenged two overlapping provisions in a federal act that prohibited the same conduct, but which authorized different maximum penalties. *Batchelder*, 442 U.S. at 115-16. Although the Court found "no constitutional infirmities" (*id.* at 123), the defendant did not raise, and the Court did not consider, an eighth amendment challenge. Thus, even if we accept that our proportionate penalties clause is synonymous with the eighth amendment, *Batchelder* is not controlling.

¶ 42    Significantly, this court, in the *Sharpe* opinion, already considered the relevance, if any, of the *Batchelder* decision with respect to our proportionate penalties clause jurisprudence. In *Sharpe*, we undertook a complete reexamination of the entire body of case law addressing the proportionate penalties clause and expressly retained the identical elements test. *Sharpe*, 216 Ill. 2d at 521. We addressed the critics of the identical elements test who, based on *Batchelder*, argued that identical offenses with disparate sentences are not constitutionally infirm. We observed that *Batchelder* "merely addressed the question under the due process and equal protection clauses of the United States Constitution," and that *Batchelder* "does not answer whether different penalties for different offenses with identical elements offends the proportionate penalties clause of the Illinois Constitution." *Id.* at 522. The State offers no reason to retreat from our analysis in *Sharpe*.

¶ 43    The State makes the additional arguments that the identical elements test is of "questionable origin," and the test invades the power of the legislature to assign sentences to criminal offenses. We disagree.

¶ 44    The identical elements test finds its origin in this court's 1990 opinion in the *Christy* case. There, we held that the penalties for aggravated kidnapping and armed violence predicated on kidnapping with a category I weapon are constitutionally disproportionate. We explained:

"Upon review of the relevant statutory provisions it is apparent that the commission of kidnapping while armed with a 'knife with a blade of at least 3 inches in length'

-11-

constitutes *both* aggravated kidnapping and armed violence. Since the elements which constitute aggravated kidnapping and armed violence are identical, common sense and sound logic would seemingly dictate that their penalties be identical. Nevertheless, aggravated kidnapping is a Class 1 felony punishable by 'not less than 4 years and not more than 15 years' in prison ***, while armed violence is a Class X felony punishable by 'not less than 6 years and not more than 30 years' in prison ***. As the court below stated, 'It is illogical that identical [offenses] can render two different [penalties].' *** We, therefore, hold that the penalties for aggravated kidnapping and armed violence are unconstitutionally disproportionate." (Emphasis in original.) *Christy*, 139 Ill. 2d at 181.

¶ 45 Our reliance in *Christy* on "common sense and sound logic" does not render the identical elements test of "questionable origin." Common sense and sound logic need not be strangers to the law. Indeed, sentencing schemes which penalize identical offenses differently have been criticized precisely because "[t]here is nothing at all rational" about them. Wayne R. LaFave, Jerold H. Israel & Nancy J. King, Criminal Procedure § 3.7(a), at 96 (2d ed. 1999). See also *People v. Estrada*, 601 P.2d 619, 621 (Colo. 1979) (finding that "a penalty scheme that provides widely divergent sentences for similar conduct and intent to be irrational"). The identical elements test is simply a logic-based test to determine whether, consistent with the plain language of our constitution, the legislature has satisfied the requirement that a penalty must be determined, in part, "according to the seriousness of the offense" (Ill. Const. 1970, art. I, § 11).

¶ 46 The State's additional argument that the identical elements test invades the power of the legislature to set penalties for criminal offenses overlooks a key feature of the identical elements test—namely, its complete objectivity:

"A court employing the *Christy* analysis does not make any subjective determinations regarding the gravity of an individual offense or the severity of the penalty imposed for that offense. Instead, the court relies exclusively on the express legislative pronouncements under review. The court compares identical offenses, as defined by the same legislative body, with their respective penalties, again, as given by the same legislative body. Thus, under the *Christy* analysis, there is no risk that the judiciary will second-guess the legislature or otherwise violate separation of powers principles. Indeed, far from rendering the judiciary a 'superlegislature,' *** the proportionality review employed in *Christy* is the most objective and deferential type of review available to the courts." *Lewis*, 175 Ill. 2d at 421-22.

More recently, we relied on these same rationales as a basis for retaining the identical elements test, but discarding the cross-comparison approach for proportionality review. *Sharpe*, 216 Ill. 2d at 522.

¶ 47 The final reason the State advances as to why this court should abandon the identical elements test is that the test has become unworkable in practice, *i.e.*, application of the test has produced complicated procedural issues.

¶ 48 The State first contends that by declaring the firearm sentencing enhancements for armed robbery invalid in *Hauschild*, we created a new disparity between the penalties for armed

-12-

robbery with a firearm and armed violence predicated on robbery with a category I or category II weapon. The State explains that, under *Hauschild*, a defendant convicted of armed robbery with a firearm is subject only to the unenhanced sentencing range of 6 to 30 years' imprisonment, whereas a person convicted of armed violence predicated on robbery with a category I or category II weapon is subject to a term of 15 to 30 years' imprisonment. Thus, as a result of declaring the enhanced sentence for armed robbery with a firearm unconstitutional under our proportionate penalties clause, the armed violence statute now suffers from the same constitutional infirmity. That is, the sentence for armed violence predicated on robbery with a category I or II weapon is now greater than the identical offense of armed robbery with a firearm.

¶ 49     As already discussed, Public Act 95-688, which became effective October 23, 2007, eliminates any overlap between armed robbery and armed violence. Further, the State conceded at oral argument that relatively few cases are still pending which arose during the period of time that the two statutes overlapped. The probability that the defendants in any of these cases could argue that the sentence for armed violence violates the proportionate penalties clause is exceedingly low because, at the time of their prosecutions, armed robbery with a firearm would have carried the more severe punishment, and the defendants likely would have been prosecuted under that statute, not the armed violence statute.

¶ 50     These observations aside, and without regard to how this court would rule in such a case, we disagree with the State that the mere opportunity for a defendant to raise a new constitutional issue necessarily means that the identical elements test is unworkable. Indeed, we are confident that a reviewing court confronted with the scenario described by the State—should it ever arise outside of the State's brief—will be able to apply the identical elements test with relative ease and objectivity.

¶ 51     The State identifies another procedural issue purportedly arising as a result of the identical elements test as applied in *Hauschild*. The State's argument proceeds along the following lines: *Hauschild* found the firearm sentencing enhancements for armed robbery violated the proportionate penalties clause, rendering the sentencing enhancements void *ab initio*. The legislature, when it adopted Public Act 95-688 in response to *Hauschild*, eliminated robbery as a predicate felony for armed violence, but did not reenact the sentencing enhancements for armed robbery. Thus, if armed robbery with a firearm cannot be prosecuted under the armed violence statute, and the sentencing enhancements under the armed robbery statute are no longer operable and have not been reenacted, then prosecutors cannot obtain an enhanced sentence for a person who uses a firearm during the course of an armed robbery. This result, the State argues, is contrary to the legislature's intent to curtail the harms posed by firearms.

¶ 52     The State's argument does not implicate the workability of the identical elements test; it implicates the work of the General Assembly. If the State is correct that it can no longer obtain an enhanced sentence for armed robbery with a firearm, then the solution to this perceived problem is for the legislature to engage in more careful drafting, both as an initial matter, and in response to our opinions; the solution is not for this court to abandon the identical elements test—a straightforward, bright-line, objective test. See Martin H. Tish, Comment: *Duplicative Statutes, Prosecutorial Discretion, and the Illinois Armed Violence*

-13-

*Statute*, 71 J. Crim. L. & Criminology 226, 243 (1980) (recognizing the role that "careful drafting" serves in preventing the adoption of statutory schemes that overlap and punish the same conduct differently); Wayne R. LaFave, Jerold H. Israel & Nancy J. King, Criminal Procedure § 3.7(a), at 96 (2d ed. 1999) (same).

¶ 53    Because the State has failed to demonstrate "good cause" or identify "compelling reasons" for departing from *stare decisis* (*Vitro*, 209 Ill. 2d at 82), we decline to overrule *Christy* and its progeny, and decline to abandon the identical elements test as a part of our proportionate penalties clause jurisprudence.

¶ 54                                                    V

¶ 55    The State's final argument on appeal concerns the appropriate remedy in this case.

¶ 56    In *Hauschild*, we held that "when an amended sentencing statute has been found to violate the proportionate penalties clause, the proper remedy is to remand for resentencing in accordance with the statute as it existed prior to the amendment." *Hauschild*, 226 Ill. 2d at 88. The appellate court, in accordance with *Hauschild*, vacated defendant's 25-year sentence for armed robbery while armed with a firearm and remanded the cause to the trial court for resentencing under the armed robbery statute as it existed prior to the adoption of the sentencing enhancements. No. 4-06-0823 (Nov. 26, 2008) (unpublished order under Supreme Court Rule 23). Thus, on remand, defendant would be subject to a sentencing range of 6 to 30 years' imprisonment, rather than a range of 21 to 45 years' imprisonment. Compare 720 ILCS 5/18-2 (West 1998), with 720 ILCS 5/18-2(b) (West 2006).

¶ 57    The State argues that the reduced sentencing range, which is less than the sentencing range of 15 to 30 years' imprisonment for armed violence based on robbery with a category I or category II weapon (720 ILCS 5/33A-3(a) (West 2006)), would violate the plain intent of the General Assembly. The State urges this court to adopt the "identical offense sentencing doctrine" utilized by Kansas courts. See *State v. Thompson*, 200 P.3d 22 (Kan. 2008). Under this doctrine, which is part of that state's due process jurisprudence, if the elements of overlapping statutory provisions are identical, "a defendant may only be sentenced to the lesser punishment provided for in the identical, overlapping provisions." *Id.* at 36. Application of the doctrine in this case would result in defendant being sentenced under the armed violence statute, subjecting him to a sentencing range of 15 to 30 years' imprisonment.

¶ 58    We recognize that, under our analyses in *Lewis* and *Hauschild*, armed violence predicated on robbery with a category I or category II weapon has the identical elements as armed robbery while armed with a firearm. Defendant, however, was not charged and convicted under the armed violence statute, and the State cites no authority for the proposition that the charging instrument may be modified on appeal so that the State may proceed under a different statute that imposes a more severe penalty. The State elected to prosecute defendant under the armed robbery statute. Defendant, having been convicted of that offense, must be sentenced pursuant to the armed robbery statute.

¶ 59    We are cognizant that, in the *Christy* case, we affirmed the judgment of the appellate court, which vacated the defendant's conviction and sentence for armed violence and

remanded the cause for sentencing on the identical, uncharged offense of aggravated kidnapping, which, at that time, carried a lesser penalty. *Christy*, 139 Ill. 2d at 174, 181. Unlike *Hauschild*, however, *Christy* contains no discussion or analysis of the appropriate remedy, and for this reason, *Christy* is not controlling.

¶ 60       On remand, defendant must be sentenced in accordance with the armed robbery statute as it existed prior to the adoption of the enhanced sentencing provisions. Thus, defendant will be subject to a sentencing range of 6 to 30 years' imprisonment (see 720 ILCS 5/18-2 (West 1998); 730 ILCS 5/5-8-1(a)(3) (West 1998)), which, as previously ordered by the trial court, will be served concurrently with defendant's 25-year sentence for home invasion.

¶ 61                                    CONCLUSION

¶ 62       For the reasons stated, we decline to overrule *Hauschild*, and decline to abandon the identical elements test. We affirm the judgment of the appellate court and remand this matter to the trial court for resentencing.

¶ 63       Affirmed.

¶ 64       CHIEF JUSTICE KILBRIDE, specially concurring:

¶ 65       The identical elements test for a proportionate penalties challenge has been recognized and applied in Illinois for over two decades. See *People v. Christy*, 139 Ill. 2d 172 (1990) (the first case from this court applying the test). The constitutional basis of the test is the requirement in article I, section 11, of the Illinois Constitution that all penalties must be determined "according to the seriousness of the offense." Ill. Const. 1970, art. I, § 11. Essentially, the test prohibits the legislature from creating different sentencing ranges for criminal offenses with identical elements. *Supra* ¶ 30. The fundamental requirement of the test, therefore, is that identical criminal offenses must have identical sentencing ranges. See *People v. Sharpe*, 216 Ill. 2d 481, 522 (2005) (concluding that "[i]f the legislature determines that the exact same elements merit two different penalties, then one of these penalties has not been set in accordance with the seriousness of the offense").

¶ 66       Although I believe that the State raises valid criticisms of the identical elements test, I ultimately agree with the majority that the State has failed to meet its burden to demonstrate "good cause" or identify "compelling reasons" for departing from *stare decisis. Supra* ¶ 53. Thus, I agree with the majority's decision to retain the identical elements test. Similarly, I further agree with the majority's rejection of the State's substantive challenge to our decision and application of the test in *People v. Hauschild*, 226 Ill. 2d 63 (2007). *Supra* ¶ 26.

¶ 67       While principles of *stare decisis* justify the majority's decision to preserve the identical elements test and affirm the appellate court's judgment here, I nonetheless believe that this court should modify its approach to remanding for resentencing when a defendant successfully raises a proportionate penalties challenge under the identical elements test.

¶ 68       Under the majority's approach, also applied in *Hauschild*, when a sentencing statute for a criminal offense is found to differ from another sentencing statute for an identical criminal

offense, the court strikes the *entire* statute with the higher sentencing range, regardless of any overlap between the two statutes. *Supra* ¶¶ 56-60. In *Hauschild*, for example, this court held that the enhanced sentencing range for armed robbery while armed with a firearm, 21 to 45 years' imprisonment, was unconstitutionally disproportionate when compared to the sentencing range of the identical offense of armed violence predicated on robbery with a category I weapon, 15 to 30 years' imprisonment. Striking the entire enhanced sentencing statute for armed robbery as unconstitutionally disproportionate, this court remanded for resentencing under the preamended version of the armed robbery statute, providing a sentencing range of 6 to 30 years' imprisonment. *Hauschild*, 226 Ill. 2d at 86-87.

¶ 69    The problem with this approach, in my opinion, is that it illogically strikes an entire sentencing statute as unconstitutionally disproportionate even though the statute may overlap significantly with the comparison statute. As the majority instructs, however, "[c]ommon sense and sound logic need not be strangers to the law." *Supra* ¶ 45; see also *Christy*, 139 Ill. 2d at 181 (concluding that "common sense and sound logic" require that identical crimes have identical penalties). In my view, common sense and logic require this court to uphold the constitutionality of the overlapping portion of the two sentencing statutes analyzed under the identical elements test. Only if there is no overlap between the two sentencing statutes should this court declare an entire sentencing statute unconstitutional under the identical elements test. See *People v. Dabbs*, 239 Ill. 2d 277, 291 (2010) (noting that "this court has a duty to uphold the constitutionality of a statute if it is reasonably possible to do so").

¶ 70    Here, the applicable statutes provide an enhanced sentencing range of 21 to 45 years for armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2), (b) (West 2006)) and a sentencing range of 15 to 30 years for the identical offense of armed violence predicated on robbery with a category I weapon (720 ILCS 5/33A-3(a) (West 2006)). The shared sentencing ranges for the two offenses are 21 to 30 years, and I believe that this should be the applicable sentencing range on remand because that sentencing range is identical for both offenses. Preserving the overlapping sentencing range by upholding the constitutionality of the statutes' shared portions, *i.e.*, the *identical* portions, is logical and entirely consistent with the fundamental goal of the identical elements test, namely, to guarantee that identical criminal offenses have identical sentencing ranges.

¶ 71    Accordingly, although I agree with the majority's decision to preserve the identical elements test and affirm the appellate court's judgment, I would modify our approach on remand when a defendant successfully raises a proportionate penalties challenge under the identical elements test. Rather than striking the entire enhanced sentencing statute as unconstitutional and remanding for sentencing under the prior version, I would remand with instructions for the trial court to resentence defendant from a sentencing range that consists of the identical overlapping sentencing range of the applicable statutes, here a sentencing range of 21 to 30 years. Compare 720 ILCS 5/18-2(a)(2), (b) (West 2006), with 720 ILCS 5/33A-3(a) (West 2006).