2020 IL App (1st) 172838-U
Order filed: September 11, 2020

FIRST DISTRICT
FIFTH DIVISION

No. 1-17-2838

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 91 CR 24986 |
| | ) | |
| ENICE TAYLOR, | ) | Honorable |
| | ) | Mathew E. Coghlan, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's 10-year sentence for armed violence did not violate the proportionate penalties clause of the Illinois constitution.

¶ 2    Defendant-appellant, Enice Taylor, appeals from an order of the circuit court denying his *pro se* request for leave to file a successive postconviction petition for relief under the Post–Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2016)). On appeal, defendant argues that his 10-year sentence for armed violence violated the proportionate penalties clause of the Illinois constitution. For the following reasons, we affirm.[1]

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

¶ 3    Defendant was convicted of aggravated criminal sexual assault, armed violence predicated upon unlawful restraint with a knife, criminal sexual assault, aggravated criminal sexual abuse and aggravated unlawful restraint, all with respect to an incident that occurred in October 1991. The trial court merged a number of these convictions, and defendant was ultimately sentenced to a term of 50 years' imprisonment for aggravated criminal sexual assault as well as a consecutive term of 10 years' imprisonment for armed violence. On direct appeal, defense counsel's motion to withdraw as counsel was granted and defendant's convictions and sentences were affirmed. *People v. Taylor*, 268 Ill. App. 3d 1115 (1995) (table) (unpublished order under Supreme Court Rule 23).

¶ 4    Defendant thereafter filed several previous, unsuccessful collateral challenges to his convictions and sentences, including an initial postconviction petition filed pursuant to the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-1, *et seq.* (West 2016). Finally, on May 23, 2017, defendant initiated the proceeding at issue here by filing a document below entitled "Motion for Post Conviction Relief," which included—*inter alia*—a claim that he had been "oversentenced" under the proportionate penalties clause of the Illinois constitution (Ill. Const. 1970, Art. I, § 11) because he would have to serve 100% of his sentence. Treating this document as a request for leave to file a successive postconviction petition, the circuit court denied such leave in a written order entered on September 22, 2017. Defendant thereafter filed a timely notice of appeal.

¶ 5    On appeal, defendant does not contend that the circuit court improperly denied leave to file a successive petition, nor does defendant ask this court to remand for further proceedings pursuant to the Act. Rather, defendant asks this court to find that his conviction for armed violence and his 10-year sentence for that conviction are void under the proportionate penalties clause of the Illinois

Constitution. This is an appropriate argument to make in this appeal, despite defendant's failure to have raised it below, as "[v]oidness challenges stemming from the unconstitutionality of a criminal statute under the proportionate penalties clause may be raised at any time." *People v. Ligon*, 2016 IL 118023, ¶ 9.

¶ 6        "We begin with the presumption that all statutes are constitutional. [Citation.] As a result of this presumption, the party challenging the constitutionality of a statute bears the burden of demonstrating that a constitutional violation exists. [Citation.] Great deference is given to the legislature's determination of the seriousness of various offenses and the sentences that the legislature has deemed appropriate for those offenses. [Citation.] We review the question of whether a statute is constitutional *de novo.*" *People v. Guyton,* 2014 IL App (1st) 110450, ¶ 55.

¶ 7        "The proportionate penalties clause provides that '[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.' [Citation.] In assessing an alleged proportionate penalties violation, we must determine whether the penalty at issue has been set by the legislature according to the seriousness of the offense. [Citation.] There are currently two ways to determine whether a penalty will violate the proportionate penalties clause: (1) whether the penalty is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community; and (2) whether offenses with identical elements are given different sentences." *Id.* ¶ 56.

¶ 8        With respect to the second proportionality test, " '[i]f the legislature determines that the exact same elements merit two different penalties, then one of these penalties has not been set in accordance with the seriousness of the offense.' " *People v. Clemons*, 2012 IL 107821, ¶ 30 (quoting *People v. Sharpe*, 216 Ill. 2d 481, 522 (2005)). "An expectation of identical penalties for identical offenses comports with 'common sense and sound logic' (citation), and also gives effect

to the plain language of the Illinois Constitution (citation). Thus, where identical offenses do not yield identical penalties, [our supreme court] has held that the penalties were unconstitutionally disproportionate and the greater penalty could not stand." *Ligon*, 2016 IL 118023, ¶ 11.

¶ 9     Here, defendant was charged with and convicted of committing armed violence predicated on unlawful restraint with a knife, with respect to an incident that occurred in October 1991, in violation of Ill. Rev. Stat. 1989, ch. 38 ¶ 33A-2/I/10-3.1 (West 1991). Our analysis is thus dependent upon the wording of the relevant statutory provisions in effect at that time.

¶ 10    A person commits armed violence when, "while armed with a dangerous weapon, he commits any felony defined by Illinois Law." Ill. Rev. Stat. 1988, ch. 38 ¶ 33A-2 (West 1991). A defendant is "armed with a dangerous weapon" when he "carries on or about his person or is otherwise armed with a Category I or Category II weapon." Ill. Rev. Stat. 1988, ch. 38 ¶ 33A-1(a) (West 1991). A category I weapon includes a "knife with a blade of at least 3 inches in length, dagger, dirk, switch-blade knife, stiletto, or any other deadly or dangerous weapon or instrument of like character." Ill. Rev. Stat. 1989, ch. 38 ¶ 33A-1(b) (West 1991). Defendant's conviction for armed violence predicated on unlawful restraint while armed with a knife constituted a Class X felony with a sentencing range of six to thirty years in prison. Ill. Rev. Stat. 1989, ch. 38 ¶ 33A-2/I/10-3.1 (West 1991).

¶ 11    In contrast, a person commits aggravated unlawful restraint when "he commits unlawful restraint while using a deadly weapon." Ill. Rev. Stat. 1989, ch. 38 ¶10-3(a) (West 1991). A person commits the offense of unlawful restraint when "he knowingly without legal authority detains another." Ill. Rev. Stat. 1989, ch. 38, ¶ 10-3(a) (West 1991). A "deadly weapon" is not defined in the aggravated unlawful restraint statute, but it has generally been recognized that a deadly weapon is an "instrument that is used or may be used for the purpose of an offense and is capable of

producing death." *People v. Blanks*, 361 Ill. App. 3d 400, 411 (2005). Some weapons, such as a " 'gun, pistol, or dirk-knife,' " are deadly *per se*, while other instruments can be used in a manner that makes them deadly weapons. *People v. Ross*, 229 Ill. 2d 255, 273 (2008) (quoting *People v. Dwyer*, 324 Ill. 363, 365 (1927)). When an instrument is not deadly *per se*, whether it qualifies as a deadly weapon is a question "for the fact finder to determine from a description of the weapon, the manner of its use, and the circumstances of the case." *Blanks*, 361 Ill. App. at 411-12. Aggravated unlawful restraint is a Class 3 felony, carrying a sentencing range of two to five years in prison. Ill. Rev. Stat. 1989, ch. 38, ¶ 10-3(a) (West 1991).

¶ 12     An examination of the elements of the armed violence and aggravated unlawful restraint statutes at issue here reveals that the two do not share identical elements.

¶ 13     First, the armed violence statute clearly requires a defendant to carry on or about his person or be otherwise armed with "a Category I or Category II weapon." Ill. Rev. Stat. 1988, ch. 38 ¶ 33A-1(a) (West 1991). The weapons that satisfy that requirement are specifically identified by statute. Ill. Rev. Stat. 1989, ch. 38 ¶ 33A-1 (West 1991). In contrast the aggravated unlawful restraint statute requires a defendant to use a "deadly weapon." Ill. Rev. Stat. 1989, ch. 38 ¶10-3(a) (West 1991). The weapons that satisfy that requirement are not specifically identified by statute, but rather include weapons that are deadly *per se* as well as other instruments can be used in a manner that makes them deadly weapons, with the question of whether a weapon qualifies as a deadly weapon sometimes being one for the trier of face to determine from a description of the weapon, the manner of its use, and the circumstances of the case. *Supra*, ¶11.

¶ 14     We therefore agree with the State's assertion that "because the armed violence statute expressly delineates which weapons are 'dangerous weapons' for purposes of that statute, many objects that fall under the broader *** definition of 'deadly weapon' as used in the aggravated

unlawful restraint statute would not fall under the narrower 'dangerous weapon' definition because they are not Category I or Category II weapons. As such, the two offenses do not share identical elements and therefore do not violate the identical elements test of the proportionate penalties clause."

¶ 15    In reaching this conclusion, we note that it is immaterial to our analysis that the actual weapon at issue here—a knife—might qualify as both a dangerous weapon under the armed violence statute and a deadly weapon under the aggravated unlawful restraint statute. Under the identical elements test, it is sufficient to recognize that the general, broader class of deadly weapons under the aggravated unlawful restraint statute is distinct from the specific, statutorily defined list of dangerous weapons under the armed violence statute. *People v. Hernandez*, 2016 IL 118672, ¶ 16.

¶ 16    Second, the armed violence statute specifically requires only that a defendant be "armed" with a dangerous weapon while committing a predicate felony (Ill. Rev. Stat. 1988, ch. 38 ¶ 33A-2 (West 1991)); *i.e.*, to carry on or about his person or be otherwise armed with such a weapon (Ill. Rev. Stat. 1988, ch. 38 ¶ 33A-1(a) (West 1991)). As our supreme court has recognized "the armed-violence statute clearly does not require that the presence of a weapon facilitate the predicate offense. Rather, the mere fact that a person, while committing a felony, 'carries on or about his person or is otherwise armed with' a dangerous weapon is sufficient to come within the language of the statute." *People v. Haron*, 85 Ill. 2d 261, 269–70 (1981). In contrast the aggravated unlawful restraint statute specifically requires a defendant to knowingly without legal authority detain another "while using" a deadly weapon. Ill. Rev. Stat. 1989, ch. 38, ¶ 10-3(a) (West 1991).

¶ 17    As such, because the armed violence statute at issue expressly allows for a conviction where a defendant is merely *armed* with a weapon while the aggravated unlawful restraint statute

at issue specifically requires that a weapon actually be *used* by a defendant, the two offenses do not share identical elements. For this reason as well, the two offenses do not violate the identical-elements test of the proportionate penalties clause.

¶ 18    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 19    Affirmed.