**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 190752-U

Order filed August 7, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-19-0752 Circuit No. 94-CF-3739 |
| LEE K. NEWSOM, | ) ) | The Honorable Vincent F. Cornelius, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McDADE[1] delivered the judgment of the court.
Justices Brennan and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court did not err when it denied the defendant leave to file a successive postconviction petition, as he could not establish cause for failing to bring his youth-based challenge to his sentences earlier.

¶ 2     In 1995, pursuant to a partially negotiated plea agreement, the defendant, Lee K.

Newsom, pled guilty to two counts of first degree murder and was sentenced to concurrent

---

[1] This case was administratively reassigned to Justice McDade, Justice Brennan, and Justice Hettel on December 22, 2022. The current panel has read the briefs and listened to the recording of the oral argument.

natural life sentences. In 2019, Newsom filed a motion for leave to file a successive postconviction petition, alleging that his natural life sentences violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. X, § Y) and the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) because his youth and attendant circumstances had not been considered. The circuit court denied leave, and Newsom appealed. On appeal, he argues that the circuit court erred when it denied him leave to file his successive petition. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        In 1994, Newsom shot and killed his parents. He was 20 years old at the time. In 1995, he pled guilty to two counts of first degree murder in exchange for the State agreeing not to seek the death penalty. Ultimately, the circuit court sentenced Newsom to concurrent natural life sentences. Newsom did not seek to withdraw his guilty plea or file an appeal.

¶ 5        In 2001, Newsom filed a postconviction petition in which he alleged his sentences violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The circuit court summarily dismissed Newsom's petition, and this court affirmed the circuit court's decision on appeal. *People v. Newsom*, No. 3-01-0746 (unpublished order under Supreme Court Rule 23).

¶ 6        In 2019, Newsom filed a motion for leave to file a successive postconviction petition. The successive petition alleged that his natural life sentences violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. 1, § 11) and the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) because his youth and attendant circumstances had not been considered. The circuit court denied leave, ruling that while he showed cause for failing to raise the issue earlier, he could not establish prejudice. In so ruling, the court only addressed Newsom's claim regarding the eighth amendment.

2

¶ 7        Newsom appealed.

¶ 8                                    II. ANALYSIS

¶ 9        On appeal, Newsom argues that the circuit court erred when it denied him leave to file his successive postconviction petition. He alleges that he satisfied the cause-and-prejudice test applicable to the decision of whether to grant leave; specifically, he asserts that the cases supporting his youth-based challenge to his sentences were not decided until more than 10 years after he filed his initial postconviction petition. Notably, Newsom only challenges the denial of his petition for leave with respect to his proportionate penalties claim under the Illinois Constitution.[2]

¶ 10        The Post-Conviction Hearing Act (Act) contemplates the filing of only one postconviction petition. 725 ILCS 5/122-1(f) (West 2018). A defendant may not file a successive petition unless he or she first obtains leave of court to do so, which requires the defendant to satisfy the cause-and-prejudice test. *Id.* "[A] prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." *Id.*; see also *People v. Jackson*, 2021 IL 124818, ¶ 30 (holding that "[t]o establish 'cause,' petitioner must show some objective factor external to the defense that impeded his ability to raise the claim in his initial postconviction proceeding"). "[A] prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* This court reviews the circuit court's decision to deny leave to file a successive postconviction petition *de novo*. *People v. Lusby*, 2020 IL 124046, ¶ 27.

_____

[2] We note that our supreme court has expressly held that the protections extended to individuals under age 18 by *Miller v. Alabama*, 567 U.S 460 (2012), do not extend beyond age 18 in the eighth amendment context. *People v. Harris*, 2018 IL 121932, ¶ 61.

¶ 11      Significantly, the proportionate penalties clause of the Illinois Constitution provides broader protections than the eighth amendment to the United States Constitution. *People v. Clemons*, 2012 IL 107821, ¶ 40. Accordingly, a postconviction defendant can raise a youth-based, as-applied constitutional challenge to his or her sentence under the proportionate penalties clause based on the evolving science related to juvenile maturity and brain development. See, *e.g.*, *People v. House*, 2021 IL 125124, ¶ 31-32; *Harris*, 2018 IL 121932, ¶¶ 46-48; *People v. Thompson*, 2015 IL 118151, ¶ 44.

¶ 12      In support of his claim, Newsom cites extensively to *People v. Daniels*, 2020 IL App (1st) 171738. In that case, Daniels pled guilty in 1995 to first degree murder in exchange for the State agreeing to not to seek the death penalty. *Id.* ¶ 5. He was sentenced to natural life. *Id.* In 2010, the circuit court denied Daniels leave to file a successive postconviction petition in which he raised a youth-based challenge to his natural life sentence. *Id.* ¶¶ 9-10. On appeal, the First District held, in relevant part, that it was "premature at this early juncture to find that [Daniels'] claim fails as a matter of law or that his petition and supporting documentation [were] insufficient to justify further proceedings." *Id.* ¶ 34. Thus, the First District reversed and remanded for further proceedings. *Id.* ¶ 36.

¶ 13      In 2021, our supreme court undercut *Daniels*, clarifying that the unavailability of *Miller* or the cases that have followed it cannot establish cause for a successive postconviction petition that raises a youth-based challenge to a sentence under the proportionate penalties clause. *People v. Dorsey*, 2021 IL 123010, ¶ 74. The *Dorsey* court stated: "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.' "

*Id.*; *cf. People v. Guerrero*, 2012 IL 112020, ¶ 20 (holding that "the lack of precedent for a position differs from 'cause' for failing to raise an issue, and a defendant must raise the issue, even when the law is against him, in order to preserve it for review"). Since *Dorsey* was decided, our supreme court has reaffirmed and strengthened its holding in *People v. Clark*, 2023 IL 127273, ¶¶ 61-62 (reaffirming *Dorsey* and extending its reasoning to a defendant who raised a proportionate penalties clause challenge based on intellectual disabilities), and *People v. Moore*, 2023 IL 126461, ¶ 40 (holding that because "*Miller* does not directly apply to young adults, it also does not provide cause for a young adult offender to raise a claim under the proportionate penalties clause"). Thus, we are compelled by *Dorsey* and its progeny to hold that Newsom cannot rely on citation to *Miller* and its progeny to establish cause for failing to bring his youth-based challenge to his sentence earlier.

¶ 14        For the foregoing reasons, we hold that Newsom's petition for leave to file a successive postconviction petition did not satisfy the cause prong of section 122-1(f) of the Act. Accordingly, we hold that the circuit court did not err when it denied his motion for leave to file a successive postconviction petition.

¶ 15                                III.  CONCLUSION

¶ 16        For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 17        Affirmed.