2019 IL App (1st) 181108-U

No. 1-18-1108

Order filed December 24, 2019.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 98 CR 20292 |
| ROLANDO AGUALLO, | ) ) | The Honorable Thomas Joseph Hennelly, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

## **ORDER**

¶ 1    *Held*:   The trial court properly denied defendant leave to file a successive postconviction petition where the pleadings did not suggest he was capable of raising a meritorious claim under the eighth amendment or the proportionate penalties clause.

¶ 2    Defendant Rolando Aguallo appeals from the trial court's denial of his petition for leave to file a successive petition under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq*. (West 2016)). On appeal, defendant asserts that he established the requisite cause and

prejudice to file a successive petition with respect to his claim that his cumulative 90-year sentence, as applied to offenses he committed as an 18-year-old, violated the eighth amendment and the Illinois proportionate penalties clause. We affirm.

¶ 3                                    I. Background

¶ 4     Following a jury trial, defendant was found guilty of three counts of aggravated battery with a firearm. The evidence generally showed that on the night of July 21, 1998, defendant, then 18 years old, fired between 7 and 11 shots at rival gang members in a residential area. In doing so, he shot a 63-year-old woman, her 11-year-old nephew and a 35-year-old woman. Defendant initially claimed no knowledge of the shooting and presented a false alibi but ultimately confessed and signed a written statement. At trial, defendant presented an alibi witness and two other witnesses to challenge the credibility of the State's eyewitness.

¶ 5     At sentencing, the evidence showed that defendant joined the Satan Disciple street gang at age 11 and left school in the 7th grade. He had twice been adjudicated delinquent for shootings that occurred in February 1995 (unlawful use of a weapon/aggravated discharge of a firearm) and December 1995 (aggravated battery with a firearm/unlawful possession of a firearm). Additionally, defendant briefly worked in a factory but quit because gangs in that neighborhood were bothering him.

¶ 6     Defendant claimed to have had a normal childhood with his mother, stepfather and siblings. None of his family members were involved with the criminal justice system or had substance abuse problems. In contrast, defendant acknowledged he had problems with drugs and alcohol in the past and was under the influence of alcohol and marijuana at the time of this offense. As of the sentencing hearing, however, defendant claimed he no longer had such

problems. He also reported that he had quit the gang and become religious. Furthermore, defendant was attempting to obtain his GED and enroll in college classes.

¶ 7    The State sought extended-term sentences because one victim was over 60 years old and another was under 12 years old. Additionally, the State sought consecutive sentences because each victim sustained severe bodily injury. The State essentially argued that defendant had been given multiple opportunities to turn his life around but, instead, participated in a gang and shot at people. In contrast, defense counsel argued that the victims were not seriously injured, that defendant was young, and that defendant had finally learned something. Counsel argued that defendant felt remorse and wanted to be a productive member of society. In allocution, defendant said he was "very sorry that innocent people got injured."

¶ 8    The trial court imposed three consecutive 30-year prison terms, noting the victims' ages. In reaching its decision, the court stated that it considered the arguments, the PSI, the facts of the case and defendant's criminal history. The court also considered defendant's age and potential for rehabilitation. Yet, the court found this was "a totally senseless act of violence."

¶ 9    On direct appeal, the reviewing court affirmed defendant's conviction, rejecting his contention that the State engaged in improper impeachment and made improper comments in closing argument. The court also rejected defendant's assertion that his sentence was excessive. The reviewing court remanded the case, however, for the trial court to determine whether the victims suffered severe bodily injury, as necessary to impose consecutive sentences. *People v. Aguallo*, No. 1-02-2892 (2004) (unpublished order under Supreme Court Rule 23). On July 14, 2005, a different trial judge found the victims sustained severe bodily injury and imposed the same sentence. This court affirmed that judgment. *People v. Aguallo*, No. 1-05-2454 (2007) (unpublished order under Supreme Court Rule 23).

¶ 10    While defendant's second direct appeal was still pending, defendant filed a petition under the Act. An evidentiary hearing ultimately ensued on defendant's claim that he did not knowingly waive his *Miranda* rights and his claim that trial counsel was ineffective for failing to call an impeachment witness. The trial court denied defendant's petition and we affirmed the court's judgment. *People v. Aguallo*, No. 1-08-3577 (2011) (unpublished order under Supreme Court Rule 23). In 2013, the federal district court denied defendant's petition for a writ of *habeas corpus. Aguallo v. Atchison*. No. 12 C 48 (N.D. Ill. Nov. 12, 2013).

¶ 11    Defendant then sought leave to file a successive petition under the Act in August 2017. He argued that his cumulative 90-year prison term violated the eighth amendment and Illinois' proportionate penalties clause . Specifically, he asserted that the trial court failed to consider his youthfulness at the time of the offense and the special characteristics resulting therefrom. He also asserted that the court failed to consider that the victims were not seriously hurt. The trial court denied the petition, finding it to be frivolous and meritless. Defendant now appeals.

¶ 12                                    II. Analysis

¶ 13    The Act permits defendants serving criminal sentences to assert that their convictions resulted from a substantial denial of constitutional rights. *People v. Toy*, 2013 IL App (1st) 120580, ¶ 16; 725 ILCS 5/122-1(a) (West 2016). Additionally, the Act is intended to allow inquiry into constitutional matters that could not have been determined on direct appeal. *Toy*, 2013 IL App (1st) 120580, ¶ 16. That being said, "[o]nly one petition may be filed by a petitioner under this Article without leave of the court." 725 ILCS 5/122-1(f) (West 2016). Furthermore, any claim not raised in the initial petition is forfeited. *People v. Bailey*, 2017 IL 121450, ¶ 15 (citing 725 ILCS 5/122-3 (West 2016)).

¶ 14     A trial court may grant leave to file a successive petition only if the defendant shows cause for failing to raise the claim in his initial petition and resulting prejudice. 725 ILCS 5/122-1(f) (West 2016). To demonstrate cause, a defendant must identify an objective factor impeding his ability to raise his claim during proceedings on the first petition. 725 ILCS 5/122-1(f) (West 2016). A defendant must demonstrate prejudice by showing that the claim at issue so infected his trial proceedings that the resulting conviction or sentence violated due process. 725 ILCS 5/122-1(f) (West 2016).[1]  Furthermore, courts must determine whether a defendant has shown cause and prejudice from the pleadings. *People v. Smith*, 2014 IL 115946, ¶ 33. Yet, "the cause-and-prejudice test for a successive petition involves a higher standard than the first-stage frivolous or patently without merit standard that is set forth in section 122-2.1(a)(2) of the Act." *Id*. ¶ 35. Successive petitions plague finality and are highly disfavored. *People v. Simms*, 2018 IL 122378, ¶¶ 38-9. We review the denial of leave to file a successive petition *de novo*. *Bailey*, 2017 IL 121450, ¶ 12.

¶ 15     Here, defendant asserts that the trial court erroneously denied him leave to file his successive postconviction petition because his pleadings satisfied the cause and prejudice test with respect to his claims that his sentence, as applied to these circumstances, violates the eighth amendment and the Illinois proportionate penalties clause. The State responds that defendant cannot show prejudice because his sentence violates neither constitutional provision. We begin by examining defendant's sentence.

¶ 16     Defendant was found guilty of three counts of aggravated battery with a firearm, a Class X felony. 720 ILCS 5/12-4.2(b) (West 1998). The sentencing range for a class X felony is

---

[1]We note that defendant has not raised a claim of actual innocence. *People v. Morrow*, 2019 IL App (1st) 161208, ¶ 47 (recognizing that as an alternative to the cause-and-prejudice test, a defendant may set forth a colorable claim of actual innocence).

between 6 and 30 years in prison. 730 ILCS 5/5-8-1(a)(3) (West 1998). In addition, the court may also impose an extended term sentence under section 5-8-2 where the defendant commits any felony against a person under 12 years of age or a person over 60 years of age. 730 ILCS 5/5-5-3.2(b)(4)(i), (ii) (West 1998). The extended-term sentence for a Class X felony is between 30 and 60 years in prison. 730 ILCS 5/5-8-2(a)(2) (West 1998). Moreover, as we previously affirmed, consecutive sentences were appropriate in this case. 730 ILCS 5/5–8–4 (West 1998). Yet, defendant's aggregate consecutive sentences could "not exceed the sum of the maximum terms authorized under Section 5–8–2 for the 2 most serious felonies involved." 730 ILCS 5/5-8-4(c)(2) (West 1998).

¶ 17    Here, the trial court could have imposed a cumulative sentence of anywhere between 18 and 120 years in prison but decided on a cumulative sentence of 90 years in prison. Defendant argues that if his petition is permitted to proceed, he can show that this is an unconstitutional *de facto* life sentence. We disagree.

¶ 18    The eighth amendment prohibits cruel and unusual punishment. U.S. Const., amend. VIII. "Inherent in that prohibition is the concept of proportionality." *Buffer*, 2019 IL 122327, ¶ 15 (quoting *People v. Holman*, 2017 IL 120655, ¶ 33). Similarly, Illinois' constitution contains a proportionate penalties clause: "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I. § 11. The requirement that penalties be set with the objective of restoring the defendant to useful citizenship, however, was intended to provide a limitation on penalties beyond the eighth amendment's limitation. *People v. Clemons*, 2012 IL 107821, ¶ 37. "A statute may be deemed unconstitutionally disproportionate if *** the punishment for the offense is

cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." *People v. Leon Miller*, 202 Ill. 2d 328, 338 (2002).

¶ 19    Defendant's challenges under both the eighth amendment and the proportionate penalties clause rest upon the United States Supreme Court's recent decisions recognizing the special characteristics attending youth. In *Miller v. Alabama*, 567 U.S. 460, 489 (2012), the Court held that the eighth amendment prohibits courts from imposing mandatory life sentences on juveniles who commit murder. See also *Roper v. Simmons*, 543 U.S. 551, 578-79 (2005) (holding that the eighth amendment prohibits capital sentences for juveniles convicted of murder); *Graham v. Florida*, 560 U.S. 48, 82 (2010) (finding the eighth amendment prohibits mandatory life sentences without parole for juveniles convicted of offenses other than murder). Under *Miller* and the Court's progeny, sentencing juveniles is constitutionally different from sentencing adults. *Buffer*, 2019 IL 122327, ¶ 16.

¶ 20    Juveniles lack maturity and responsibility, leading to careless, reckless and impulsive behavior. *People v. Harris*, 2018 IL 121932, ¶ 55. They are more vulnerable to negative influence and peer pressure. *Buffer*, 2019 IL 122327, ¶ 16. They lack full control over their environment and the ability to extricate themselves from settings that produce crime. *Id*. In addition, juveniles are capable of change and are less likely to be irretrievably depraved. *Id*. ¶ 17. Moreover, they have diminished culpability and greater prospects for reform. *Harris*, 2018 IL 121932, ¶ 55. Consequently, the attributes of youth diminish justifications for imposing the harshest sentences, even for terrible crimes. *Buffer*, 2019 IL 122327, ¶ 17.

¶ 21    With that in mind, *Miller* found that a sentencing judge must consider the characteristics attending a juvenile's youth before imposing a mandatory or discretionary life sentence. *Buffer*, 2019 IL 122327, ¶¶ 24-25. Even where a court considers a juvenile's age prior to imposing a life

sentence, that sentence nonetheless violates the eighth amendment if the crime reflects transient immaturity. *Montgomery v. Louisiana*, 577 U.S. 718, 734 (2016). This is because only the rare juvenile whose crime resulted from irreparable corruption may be sentenced to life without parole. *Id*. Thus, to prevail under *Miller*, "a defendant sentenced for an offense committed while a juvenile must show that (1) the defendant was subject to a life sentence, mandatory or discretionary, natural or *de facto*, and (2) the sentencing court failed to consider youth and its attendant characteristics in imposing the sentence." *Buffer*, 2019 IL 122327, ¶ 27.

¶ 22    Defendant acknowledges that at 18 years of age, he is not, strictly speaking, a juvenile. *Roper*, 543 U.S. at 574 (drawing the line at 18 years old despite recognizing that the qualities of a juvenile do not disappear at that age). Thus, *Miller* does not directly support his claim. Defendant nonetheless contends the Illinois Supreme Court's decision in *People v. Harris*, 2018 IL 121932 recognizes that an 18-year-old may have a cognizable *Miller*-based claim to be raised under the Act. We disagree.

¶ 23    In *Harris*, the 18-year-old offender argued on direct appeal that his cumulative 76-year prison term violated the proportionate penalties clause as applied to his circumstances. *Harris*, 2018 IL 121932, ¶ 36. The supreme court stated that the distinction between facial and as-applied challenges was crucial. *Id*. ¶ 38. While a facial challenge needs to show that a statute is unconstitutional under any possible circumstances, an as-applied challenge needs to demonstrate that a statute is unconstitutional as applied to the challenger's specific facts and circumstances. *Id*. ¶ 38. Thus, the record must be sufficiently developed. *Id*. ¶ 39. Because the defendant did not raise his challenge in the trial court and an evidentiary hearing was not held, the record was insufficient to review this claim on appeal. *Id*. ¶¶ 40-48. Furthermore, the court found that to the extent defendant intended to assert an as-applied challenge under the eighth amendment, that

challenge would similarly fail because no evidentiary hearing was held and no factual findings were made as to how *Miller* applied to him, a young adult. ¶ 53. With respect to his proportionate penalties clause challenge, the court stated, "[w]e believe defendant's claim is also more appropriately raised in another proceeding" and noted the purpose of the Act. *Id*. ¶ 48.

¶ 24 According to defendant, *Harris* held that an as-applied challenge to a *de facto* life sentence could be raised in a postconviction petition. Yet, defendant ignores that "[t]he critical point is not whether the claim is raised on collateral review or direct review, but whether the record has been developed sufficiently to address the defendant's constitutional claim." *Id*. ¶ 41. Additionally, the supreme court did not say that an as-applied claim can always be successfully raised in a postconviction petition, not to mention a successive one.

¶ 25 Here, defendant was 18 years old at the time of the offense. Courts have repeatedly declined to extend *Miller* or its reasoning to defendants 18 years of age or older in the context of both the eighth amendment and the proportionate penalties clause. *Id*. ¶¶ 60-61; *People v. LaPointe*, 2018 IL App (2d) 160903, ¶ 35 (finding that *Miller* drew a bright line at 18 years of age); *People v. Thomas*, 2017 IL App (1st) 142557, ¶¶ 1, 48 (finding an 18-year-old offender's 80-year sentence did not violate the eighth amendment or the proportionate penalties clause). As *Harris* further observed in rejecting an eighth amendment facial challenge, the United States Supreme Court's line separating adults from juveniles at 18 years old was not primarily based on scientific research, but instead, was an imprecise categorical rule based on the point at which society distinguishes childhood and adulthood for many purposes. *Id*. ¶ 60. "New research findings do not necessarily alter that traditional line between adults and juveniles." *Id*.

¶ 26 Defendant's request for leave to file a successive petition provided nothing to suggest he would be able to show that his personal circumstances set him apart from all other young adults

so as to render his sentence unconstitutional under either the eighth amendment or the proportionate penalties clause. Defendant's pleadings do not indicate that society is prepared to redraw the juvenile line to include 18-year-old offenders such as himself. *People v. Rizzo*, 2016 IL 118599, ¶ 37 (stating that the legislature's authorization of a designated sentence must be regarded as reflecting society's general moral ideas). Furthermore, the circumstances of this case are not particularly compelling.

¶ 27    Defendant, who had twice been adjudicated delinquent for shootings, engaged in a third, gang-related shooting and shot three innocent bystanders in this case. *Cf. People v. House*, 110580-B, ¶¶ 54, 64 (finding that a 19-year-old offender's mandatory natural life sentence was unconstitutional under the proportionate penalties clause where the defendant was convicted under an accountability theory and had no violent criminal history and stating that *Roper's* division between those over and under 18 years of age was not a bright line rule). While defendant asserts the record does not show he was irreparably incorrigible, the trial court could have found his commission of three shootings within a few years showed that he was. His changing alibis did not reflect well on his character either. Additionally, the trial court was entitled to question the authenticity or longevity of his newfound religious fervor, appreciation of education and renunciation of the Satan Disciples. See also *Thomas*, 2017 IL App (1st) 142557, ¶ 32 (recognizing that trial courts need not give potential for rehabilitation greater weight than the seriousness of the offense). Furthermore, defendant engaged in criminal conduct despite having had a normal childhood and a family who was not involved with the criminal justice system or substance abuse. This court has already affirmed the trial court's finding that the victims sustained severe bodily injury and we find no occasion to revisit that determination.

¶ 28    Here, the record indicates the trial court considered that defendant was a young adult: the factors attending his youth simply did not overcome the aggravating factors in this case.

¶ 29    The trial court properly denied defendant leave to file his petition, as he cannot establish prejudice. To be clear, defendant is not required to conclusively prove his claims to obtain leave to file a successive petition. Yet, he must at the very least give the court reason to believe that he might be able to do so. See *LaPointe*, 2018 IL App (2d) 160903, ¶¶ 1, 32, 47 (affirming the denial of leave to file a successive petition for failure to satisfy section 122-1(f) because *Miller* does not apply to a defendant who was at least 18 years old at the time of the offense). Defendant has not met that burden.

¶ 30    For the foregoing reasons, we affirm the trial court's judgment.

¶ 31    Affirmed.