2024 IL App (1st) 221255-U

No. 1-22-1255

Third Division
January 31, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

---

|  |  |  |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 01 CR 14980 |
| v. | ) ) | The Honorable |
| DENNIS SCOTT, | ) ) | Margaret M. Ogarek, Judge Presiding. |
| Defendant-Appellant. | ) ) | |

---

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices D.B. Walker and Van Tine concurred in the judgment.

**ORDER**

¶ 1      *Held:*   The circuit court's denial of defendant's motion for leave to file a successive postconviction petition is affirmed, where defendant failed to demonstrate cause for relaxing the bar against successive petitions.

¶ 2      After a jury trial, 21-year-old defendant Dennis Scott was convicted of first-degree murder, attempted burglary, and robbery and was sentenced to a total of 67 years' imprisonment. The instant appeal arises from the denial of defendant's motion for leave to file a successive postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)), challenging his sentence. Defendant contends that the circuit court erred

in denying him leave to file his petition, as his sentence violated the proportionate penalties clause of the Illinois Constitution. For the reasons that follow, we affirm.

¶ 3                                                    BACKGROUND

¶ 4      The instant appeal represents the fifth time this case has been before us, as we have previously affirmed defendant's conviction on direct appeal (*People v. Scott*, No. 1-04-3487 (2006) (unpublished order under Illinois Supreme Court Rule 23)), the dismissal of his postconviction petition (*People v. Scott*, 2011 IL App (1st) 100284-U), and two denials of motions for leave to file successive postconviction petitions (*People v. Scott*, No. 1-13-3081 (2015) (unpublished summary order under Illinois Supreme Court Rule 23(c)); *People v. Scott*, 2019 IL App (1st) 181586-U).

¶ 5      As set forth in our decisions, the facts of this case are well established. After a jury trial in 2004, defendant was convicted of first-degree murder, attempted robbery, and burglary for killing 85-year-old Viola Gaecke by repeatedly stomping on her head after she walked in on defendant burglarizing her garage. While the State sought the death penalty, the circuit court ultimately sentenced defendant to 60 years' imprisonment for the murder and 7 years each for the attempted robbery and burglary; the attempted robbery and burglary sentences ran concurrently to each other but consecutively to the murder, for an aggregate sentence of 67 years.

¶ 6      On direct appeal, defendant contended that the circuit court erred when it failed to grant any of his pretrial motions, including a motion to quash his arrest for lack of probable cause, to invalidate a search of his home based on his involuntary consent, and to suppress his confession based on the police's refusal to honor his request for counsel. Defendant further claimed that the 60-year sentence imposed for the murder was the result of the circuit court's

consideration of invalid evidence and without the necessary consideration of his rehabilitative potential. We affirmed defendant's conviction and sentence (*Scott*, No. 1-04-3487), and the supreme court denied his petition for leave to appeal (*People v. Scott*, 224 Ill. 2d 589 (2007) (table)).

¶ 7        Defendant filed a *pro se* postconviction petition in 2007, alleging ineffective assistance of counsel where trial counsel failed to raise certain arguments in the pretrial motions. The petition was advanced to the second stage, and defendant obtained private counsel, who filed an amended petition arguing only that the prosecution made improper prejudicial comments in its closing and rebuttal arguments. The circuit court dismissed the amended petition, and we affirmed the dismissal. *Scott*, 2011 IL App (1st) 100284-U.

¶ 8        In 2013, defendant filed a *pro se* motion for leave to file a successive postconviction petition, arguing that he was denied effective assistance of counsel where trial counsel knew he was taking psychotropic medication at the time of trial and failed to request a fitness hearing. The circuit court denied defendant leave to file the successive petition, and we affirmed. *Scott*, No. 1-13-3081.

¶ 9        Defendant again sought leave to file a successive postconviction petition in 2017, claiming that his actual innocence was established by newly discovered evidence, namely, the affidavit of an alibi witness who would testify that she was with defendant and another friend at the time of the murder. Defendant further claimed that his sentence violated the eighth amendment of the United States Constitution in light of his borderline IQ, attention deficit hyperactivity disorder, posttraumatic stress disorder, and depression, which rendered him less culpable than other adult offenders. The circuit court again denied defendant leave to file the successive petition, and we affirmed. *Scott*, 2019 IL App (1st) 181586-U.

¶ 10    In 2021, defendant filed the *pro se* motion for leave to file a successive postconviction petition at issue in this appeal. In his motion, defendant claimed that the *de facto* life sentence he received violated the federal and state constitutions, as he was an intellectually disabled person. In support, defendant cited his school and medical records, which he contended demonstrated that he had been intellectually disabled his entire life, as well as the testimony of Dr. Diane Goldstein, who testified at defendant's sentencing hearing that he had the IQ of an 11-year-old child. Defendant further claimed that, although he was technically an adult at the time of the offenses, a growing body of research established that the brain did not finish developing until the mid-20s, and therefore, the *de facto* life sentence was unconstitutional in light of his young age and his intellectual disability.[1] The circuit court denied defendant leave to file his successive petition, finding that defendant could not satisfy the cause and prejudice test where evidence of his intellectual disability could have been—and, in fact, was—raised at the time of his trial, and further finding that his challenge to his sentence was barred by *res judicata*. We granted defendant leave to file a late notice of appeal, and this appeal follows.

¶ 11                                              ANALYSIS

¶ 12    On appeal, the sole claim raised by defendant is his contention that he established both cause and prejudice for his claim that his 67-year sentence violated the proportionate penalties clause of the Illinois Constitution, as applied to him. The Act generally contemplates the filing of only one postconviction petition. *People v. Clark*, 2023 IL 127273, ¶ 39; 725 ILCS 5/122-1(f) (West 2020)). As the filing of successive postconviction petitions is "highly disfavored," a defendant may file a successive petition only under certain circumstances, and must obtain

_____

[1] Defendant also raised arguments concerning his claims that his confession should have been suppressed, as well as raising claims of ineffectiveness of trial and appellate counsel. Those claims, however, are not at issue on appeal.

leave of court to do so. (Internal quotation marks and citations omitted.) *Clark*, 2023 IL 127273, ¶ 39. Our supreme court has identified two bases upon which the bar against successive proceedings will be relaxed: (1) where a defendant can establish "cause and prejudice" for failing to raise the claim in an earlier petition (see *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002)), and (2) where a defendant can establish actual innocence (see *People v. Ortiz*, 235 Ill. 2d 319, 330 (2009)). See also *People v. Edwards*, 2012 IL 111711, ¶¶ 22-23 (identifying two bases for relaxing ban against successive pleadings).

¶ 13    The basis at issue here, namely, the cause-and-prejudice test, has been codified by the legislature in section 122-1(f) of the Act. Under this test, a defendant establishes "cause" by "identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2020). A defendant establishes "prejudice" by "demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* Both elements of the test must be satisfied in order to overcome the bar against successive proceedings. *Clark*, 2023 IL 127273, ¶ 47. Accordingly, if a defendant is unable to establish cause, there is no need to discuss whether the prejudice element is satisfied. See *People v. Moore*, 2023 IL 126561, ¶ 42. A circuit court makes a cause-and-prejudice determination by conducting a preliminary screening of the defendant's motion to assess whether the motion adequately alleges facts making a *prima facie* showing of cause and prejudice, and we review the circuit court's decision *de novo*. *Clark*, 2023 IL 127273, ¶ 47.

¶ 14    In this case, as noted, the sole argument raised by defendant on appeal is his contention that he satisfied the cause-and-prejudice test with respect to his claim that his 67-year sentence violates the proportionate penalties clause of the Illinois Constitution, as applied to him. The

proportionate penalties clause of the Illinois Constitution requires that all penalties "be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. Among other circumstances, a defendant's sentence violates the proportionate penalties clause where "the penalty imposed is 'cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community.' " *Clark*, 2023 IL 127273, ¶ 51 (quoting *People v. Miller*, 202 Ill. 2d 328, 338 (2002)). There is no specific definition of a "cruel" or "degrading" sentence, as the "moral sense" of the community changes over time, in light of evolving standards of decency and fairness. *Id.*

¶ 15    In recent years, both the United States and the Illinois Supreme Courts have addressed the issue of juvenile sentencing in connection with the eighth amendment's prohibition against cruel and unusual punishment. Specifically, in *Miller v. Alabama*, 567 U.S. 460, 489 (2012), the United States Supreme Court held that the eighth amendment prohibits the mandatory sentencing of a juvenile to life in prison without parole and instead requires sentencing courts to have discretion in sentencing juveniles, after considering the juvenile's youth and the attendant characteristics of youth. See *Jones v. Mississippi*, 593 U.S. ___, 141 S. Ct. 1307, 1316 (2021) (interpreting *Miller*). In *People v. Buffer*, 2019 IL 122327, ¶¶ 27, 40, the Illinois Supreme Court expanded the holding in *Miller* to include not only life sentences, but also *de facto* life sentences—sentences which are the functional equivalent of life sentences—which the supreme court has identified as sentences of more than 40 years. Defendant in this case raised a *Miller*-type challenge to his sentence in his second attempt to file a successive postconviction petition, and we affirmed the circuit court's denial of his motion, as defendant was over 18 years old at the time of the murder. See *Scott*, 2019 IL App (1st) 181586-U, ¶ 31.

¶ 16    As the proportionate penalties clause is broader than the protections of the eighth amendment (see *People v. Clemons*, 2012 IL 107821, ¶¶ 39-40), however, our supreme court has not foreclosed the possibility of "emerging adults" of 18 or 19 years old raising challenges to their sentences under the proportionate penalties clause based on a *Miller*-type analysis. See, *e.g.*, *People v. Thompson*, 2015 IL 118151, ¶¶ 43-44; *People v. Harris*, 2018 IL 121932, ¶¶ 1, 48. It is this line of case law on which defendant relies in his current appeal.

¶ 17    Relying on *Harris*, *Buffer*, and *People v. House*, 2019 IL App (1st) 110580-B,[2] cases which were decided after the filing of his prior petitions, defendant claims that his young age and intellectual limitations meant that his *de facto* life sentence was unconstitutional under the proportionate penalties clause. Defendant's claim, however, is foreclosed by a series of Illinois Supreme Court decisions which have been issued during the pendency of the instant appeal.[3]

¶ 18    In *Clark*, a case remarkably similar to the case at bar, our supreme court considered the proportionate-penalties claim of a 24-year-old defendant suffering from mental health issues including antisocial personality disorder, borderline personality disorder, and fetal alcohol syndrome. *Clark*, 2023 IL 127273, ¶ 1. After a direct appeal and the denial of two postconviction petitions, the defendant filed a motion for leave to file a successive postconviction petition, claiming that his 90-year sentence was unconstitutional, as the circuit court failed to give sufficient weight to his young age and the characteristics of his intellectual disabilities. *Id.* ¶ 2. In affirming the circuit court's denial of leave to file the successive petition,

---

[2] While defendant cites to the 2019 appellate decision in *House*, we note that in 2021, the Illinois Supreme Court issued a decision in *People v. House*, 2021 IL 125124, ¶ 29, in which it found that the defendant's proportionate-penalties claim required further development of the record.

[3] We note that these decisions were issued either after the filing of defendant's appellate brief or shortly before. The State, however, discussed two of the cases in its brief on appeal, and defendant responded to the State's arguments in his reply brief.

the supreme court discussed both the defendant's claims as to his intellectual disabilities and his claims concerning his youth.

¶ 19     With respect to the defendant's intellectual disabilities, the supreme court found that Illinois law had recognized "the reduced culpability of defendants with intellectual disabilities" long before the United States Supreme Court's decisions in *Miller* and *Atkins v. Virginia*, 536 U.S. 304 (2002). Accordingly, unavailability of those decisions at the time of the defendant's conviction "did not impede defendant's presentation of his proportionate penalties claim on direct appeal or impede his opportunity to raise the claim in his first postconviction petition" and therefore could not serve as "cause" to relax the bar against successive petitions. *Clark*, 2023 IL 127273, ¶ 67. The supreme court further found that the defendant could not establish prejudice, as the defendant's sentence was a discretionary one, not a mandatory one, and the considerations present in *Miller* did not apply in such a situation, where the circuit court had the discretion to consider the defendant's intellectual limitations in fashioning an appropriate sentence. *Id.* ¶ 73. Applying the principles set forth in *People v. Coty*, 2020 IL 123972, the *Clark* court found that the circuit court had appropriately exercised such discretion in the case before it. *Clark*, 2023 IL 127273, ¶ 82.

¶ 20     With respect to the defendant's claims as to his status as an "emerging adult," the supreme court found them similarly unpersuasive, noting that the defendant was 24 years old and that *Harris* and *Thompson*, the cases he relied on, involved defendants younger than 21. *Id.* ¶ 88. The supreme court further observed that those cases "addressed the possibility of a defendant raising a *Miller*-based challenge with respect to *mandatory* life sentences in *initial* postconviction petitions" (emphases in original), not challenges to discretionary *de facto* life sentences in successive postconviction petitions. *Id.* Applying the cause-and-prejudice test, the

supreme court found that the defendant could not establish cause, as case law was clear that the new rule set forth in *Miller* " 'does not provide cause for a defendant to raise a claim under the proportionate penalties clause' in a successive postconviction petition." *Id.* ¶ 92 (quoting *People v. Dorsey*, 2021 IL 123010, ¶ 74). While the *Dorsey* defendant was under the age of 18, the *Clark* court found "the same reasoning applies" to the 24-year-old defendant in the case before it, as the defendant had the essential legal tools to raise his claims when he filed his original postconviction petition. *Id.* ¶ 93. The supreme court further found that the defendant was unable to establish prejudice, as the defendant's discretionary sentence stemmed, in large part, from the circuit court giving considerable weight to the seriousness of the offense and to the future dangerousness caused by his intellectual disabilities. *Id.* ¶ 96. Accordingly, the supreme court affirmed the circuit court's denial of the defendant's motion for leave to file the successive petition. *Id.* ¶ 99.

¶ 21    Several months after the decision in *Clark*, the supreme court in *Moore* again spoke on the issue of raising a proportionate-penalties challenge in a successive postconviction petition. In that case, two defendants were separately convicted of murder when they were 19 years old, and both were sentenced to life in prison without parole. *Moore*, 2023 IL 126461, ¶ 1. After direct appeals and the dismissal of the initial postconviction petitions, both defendants filed motions for leave to file a successive postconviction petition, claiming that their sentences violated the eighth amendment and the proportionate penalties clause. In its analysis concerning the proportionate penalties clause, the supreme court again found that *Miller* did not provide cause for young adult offenders to raise proportionate-penalties challenges in successive postconviction petitions. *Id.* ¶ 40. The supreme court noted that the evidence and arguments raised at the sentencing hearing demonstrated that the parties were aware that

Illinois law recognized the special status of young adults, and that *Miller* did not change the state of the law applicable to young adults. *Id.* ¶ 42. Accordingly, the supreme court found that the defendants were unable to satisfy the cause-and-prejudice test, as they were unable to demonstrate cause. *Id.*

¶ 22    Most recently, the supreme court in *People v. Hilliard*, 2023 IL 128186, expressly limited the interpretation of *Thompson*, *Harris*, and *House* with respect to proportionate-penalties claims raised by young adults. The supreme court explained that these cases were limited to challenges to mandatory life sentences raised in initial postconviction petitions, and that subsequent appellate court case law applying those cases to other circumstances failed to recognize this limitation. *Id.* ¶¶ 27-28.[4] While the supreme court recognized that a defendant may bring a proportionate-penalties challenge to a sentence of any length, it emphasized that reliance on *Thompson*, *Harris*, and *House* should be limited to cases in which their analysis was applicable. *Id.* ¶ 29.

¶ 23    In light of the above supreme court cases, in the case at bar, we cannot find that defendant established cause and prejudice to warrant relaxation of the bar against filing a successive postconviction petition. Defendant was 21 years old at the time of the murder, unlike the defendants in the cases on which he relies. Defendant's sentence was also not a mandatory life sentence, as the sentence for first-degree murder was 20 to 60 years[5] (730 ILCS 5/5-8-1(a) (West 2004)), and his claim does not arise in the context of an initial postconviction petition.

---

[4] We note that three of the four cases defendant cites in his brief in support of his argument are among the cases expressly criticized by the supreme court in *Hilliard*. See *id.* (citing, *inter alia*, *People v. Johnson*, 2020 IL App (1st) 171362; *People v. Ruiz*, 2020 IL App (1st) 163145; and *People v. Minniefield*, 2020 IL App (1st) 170541).

[5] While defendant was eligible for an extended-term sentence, which would have resulted in a sentencing range of 60 to 100 years (730 ILCS 5/5-8-2(a)(1) (West 2004)), the circuit court did not impose an extended-term sentence, nor did the circuit court impose the death penalty, as sought by the State.

Accordingly, the cases on which defendant relies do not provide cause with respect to his claims as to his age, his intellectual limitations, or both. As defendant has failed to establish cause, the circuit court properly denied him leave to file his successive postconviction petition.

¶ 24                                                    CONCLUSION

¶ 25        The circuit court's denial of defendant's motion for leave to file a successive postconviction petition is affirmed, where defendant has failed to establish cause to warrant relaxation of the bar against successive petitions.

¶ 26        Affirmed.